**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang**

Civil Action No. 22-cv-02585-NYW

MEDICAL PRACTICE MANAGEMENT GROUP, LLC,

    Plaintiff,

v.

ROBERT GORDON,

    Defendant.

---

## ORDER TO SHOW CAUSE

---

This matter is before the Court *sua sponte*. Upon review of the Complaint for Monetary Damages (the "Complaint") [Doc. 1], the Court is not satisfied that Plaintiff has established diversity jurisdiction in this case.

A district court has an independent obligation to satisfy itself of its own jurisdiction. *See City of Albuquerque v. Soto Enters., Inc.*, 864 F.3d 1089, 1093 (10th Cir. 2017). Accordingly, a court "may *sua sponte* raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'" *Image Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006)). A court should not proceed in a case unless it has first assured itself that jurisdiction exists. *See Cunningham v. BHP Petroleum Great Britain PLC,* 427 F.3d 1238, 1245 (10th Cir. 2005).

"The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.,* 384 F.3d 1220, 1224 (10th Cir. 2004). Plaintiff invokes diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), which states that "district

courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a)(2); [Doc. 1 at ¶ 4]. The Court concludes that the present allegations are insufficient to establish the citizenship of the Plaintiff, and as a result, are insufficient to establish subject matter jurisdiction in this matter.

The Complaint alleges the following with respect to Plaintiff:

Plaintiff is a Delaware limited liability company whose business operations occur within the State of Colorado. Approximately 89.5% of the membership interests of Plaintiff are owned by Concept Consulting LLC ("CCG"), a Delaware limited liability company. Approximately 10% of MPMG's membership interests are owned by Greg MacDonald, a Colorado resident, and approximately 0.5% of its membership interests are owned by Danielle Schaden, a Colorado resident. CCG is wholly owned by RESDE LLC ("RESDE"), a Delaware limited liability company. 1% of RESDE is owned by the Sandwich Trust, a Colorado trust, with Brooks Schaden as its trustee. Brooks Schaden is a Colorado resident. 99% of RESDE is owned by RES Holdco LLC ("RESHC"), a Nevada limited liability company. 10% of RESHC is owned by the Alaskan Fisheries Trust-NC, a Nevada trust, with Premier Trust, Inc. as its trustee, and 90% of RESHC is owned by the Growth Capital Trust, a Colorado trust, with Brooks Schaden and Andrew R. Lee as its trustees. Premier Trust, Inc. is a Nevada corporation. Mr. Lee is a Colorado resident.

[Doc. 1 at ¶ 2]. In addition, Plaintiff alleges that Defendant "is a Canadian national who resides in Ontario, Canada." [*Id.* at ¶ 3].

For purposes of determining jurisdiction, a limited liability company takes the citizenship of all its members. *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015). "[I]n determining the citizenship of an unincorporated association for purposes of diversity, federal courts must include all the entities' members." *Id.* at 1237-38 (emphasis added); *see also Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009) ("When diversity jurisdiction is invoked in a case in which a limited liability company is a party, the court needs to know the citizenship of each member of the company. And because a member of a limited

liability company may itself have multiple members – and thus may itself have multiple citizenships – the federal court needs to know the citizenship of each 'sub-member' as well."). Here, Plaintiff has attempted to identify each of its members and allege its members' citizenship; however, the allegations of those members' citizenships are presently insufficient.

First, Plaintiff attempts to allege the citizenship of Sandwich Trust, Alaskan Fisheries Trust-NC, and Growth Capital Trust by identifying these Trusts' trustees and alleging the individual trustees' citizenship. *See* [Doc. 1 at ¶ 2]. "A trust's citizenship depends on whether the trust is a traditional trust or a business trust." *Midwest Floor Coverings, Inc, v. Chavez*, No. 2:18-cv-465-RJS-DBP, 2019 WL 13219589, at *1 (D. Utah Oct. 11, 2019). "Thus, in order to demonstrate a trust's citizenship, a party must allege facts demonstrating that the trust is either a traditional trust or a business trust. If the trust is a traditional trust, the party must then trace the citizenship of all of its trustees; if the trust is a business trust, the party must trace the citizenship of all of its members." *Gwilt v. Harvard Square Ret. & Assisted Living*, 537 F. Supp. 3d 1231, 1246-47 (D. Colo. 2021).[1] Because the Complaint does not indicate whether Sandwich Trust, Alaskan Fisheries Trust-NC, or Growth Capital Trust are business or traditional trusts, the Court is unable to determine whether merely alleging the citizenship of the Trusts' trustees is sufficient to establish the Trusts' citizenship. *See Alvarado v. LQ 1555 LLC*, No. 21-cv-0039 KRS/SMV, 2021 WL 308836, at *2 (D.N.M. Jan. 29, 2021) (finding citizenship allegations insufficient where

---

[1] "There are two principal distinctions between a traditional trust and a business trust." *Gwilt*, 537 F. Supp. 3d at 1247 n.5. First, "a traditional trust exists as a fiduciary relationship," while a business trust is treated as a distinct legal entity. *GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 40 (3d Cir. 2018). Second, "a traditional trust facilitates a donative transfer, whereas a business trust implements a bargained-for exchange." *Id.*

one LLC member was a trust and the notice of removal provided only the residency information of the trust's trustees); *Gwilt*, 537 F. Supp. 3d at 1245-47 (same).

Second, even assuming that it is appropriate to determine the Trusts' citizenship based on the citizenship of their respective trustees, the current allegations are insufficient to establish the individual trustees' states of citizenship. Plaintiff alleges that individual trustees Brooks Schaden and Andrew R. Lee are residents of Colorado. [Doc. 1 at ¶ 2]. Similarly, Plaintiff avers that Greg MacDonald, a member of MPMG, is a resident of Colorado. [*Id.*]. But "[f]or purposes of federal diversity jurisdiction, an individual's state citizenship is equivalent to domicile." *Smith v. Cummings*, 445 F.3d 1254, 1259 (10th Cir. 2006). Residency is not synonymous with domicile, *see Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) ("'Domicile' is not necessarily synonymous with 'residence,' and one can reside in one place but be domiciled in another.") (citations omitted)), and only the latter is determinative of a party's citizenship. *See Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972) ("[A]llegations of mere 'residence' may not be equated with 'citizenship' for the purposes of establishing diversity."). "To establish domicile in a particular state, a person must be physically present in the state and intend to remain there." *Smith*, 445 F.3d at 1260 (citing *Keys Youth Servs., Inc. v. Olathe*, 248 F.3d 1267, 1272 (10th Cir. 2001)).[2] Allegations of residence do not demonstrate these individuals' states of citizenship.

---

[2] Courts are to consider the "totality of the circumstances" to determine a party's domicile. *Middleton v. Stephenson*, 749 F.3d 1197, 1200-01 (10th Cir. 2014). Courts typically consider several factors in determining a party's citizenship, including "voter registration and voting practices; situs of personal and real property; location of brokerage and bank accounts; membership in [organizations]; . . . [and] place of employment or business." *Dumas v. Warner Literary Grp.*, No. 16-cv-00518-RM-NYW, 2016 WL 10879185, at *2 (D. Colo. Apr. 29, 2016).

Finally, under § 1332(c), a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Plaintiff alleges that "Premier Trust, Inc. is a Nevada corporation." [Doc. 1 at ¶ 2]. To the extent that Plaintiff alleges that Premier Trust is a corporation and not a trust, Plaintiff must allege Premier Trust's principal place of business, not solely its state of corporation, to establish its citizenship. *Gomez v. Francis Wholesale Co.*, No. 22-cv-0442 SMV/GBW, 2022 WL 2131119, at *2 (D.N.M. June 14, 2022).

In sum, the allegations in the Complaint are presently insufficient for the Court to assure itself of diversity jurisdiction in this case. Accordingly, **IT IS ORDERED** that:

(1) Plaintiff shall **SHOW CAUSE** on or before **October 19, 2022** why this case should not be dismissed without prejudice for lack of federal subject matter jurisdiction.

DATED: October 5, 2022                                BY THE COURT:

_____
Nina Y. Wang
United States District Judge